Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com


Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| CESAR GARCIA,<br><br>                Plaintiff,<br>       vs.<br><br>BONNEVILLE BILLING &<br> COLLECTIONS, INC.<br><br>                Defendant. | Case No.:17-cv-481<br><br> **COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff  Cesar Garcia, by and through his counsel of record, Barkley B.

Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the

    Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits

    debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 15 USC § 1692k (d) because the illicit collection

    activity was directed at Plaintiff in Canyon County, Idaho and venue is appropriate for the

    same reason.

## PARTIES

4.  Plaintiff is a natural person currently residing in Canyon County, Idaho.

5.  Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

6.  The debt Mr. Garcia allegedly owes arises out of a personal, family, or household

    transaction(s).

7.  Specifically, Mr. Garcia specifically believes the debt is related to an alleged medical

    debt.

8.  Bonneville Billing and Collections is a Utah corporation in the business of collecting

    debts, with its corporate address as P.O. Box 150621, Ogden, UT 84415 and has a

    designated registered agent: Clayne Bodily, 431 River Pkwy, Idaho Falls, ID 83402.

9.  Defendant is engaged in the collection of debts from consumers using the mail and

    telephone.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §

    1692a(6).

## GENERAL ALLEGATIONS

10. Defendant's collection activity of which Plaintiff complains occurred within the previous

    twelve (12) months.

11. Defendant attempted to contact Mr. Garcia during April of 2017.

12. Due to Defendant's contact, Mr. Garcia became aware Defendant had been allegedly

assigned multiple accounts relating to Mr. Garcia for collection.

13. Defendant then sent Mr. Garcia a statement listing accounts Defendant believed were Mr.

Garcia's and amounts associated with each account.

14. Mr. Garcia contacted Defendant on or about June 28, 2017 using the telephone to get

information regarding the accounts Defendant was attempting to collect.

15. During this phone call, Mr. Garcia stated he did not believe Defendant had the right to

collect on the accounts, felt he did not owe all of the accounts and thought the amounts

listed as owed by Mr. Garcia were inaccurate. Mr. Garcia subsequently notified the

defendant he wanted to dispute all of the accounts Defendant was attempting to collect

from Mr. Garcia.

16. Specifically, Mr. Garcia said he disputed the amounts alleged because he believed the

amounts were inflated.

17. When a debt collector is notified a consumer disputes a debt, they must report the debt as

disputed if the debt collector is reporting the debt to a credit reporting agency.

18. When Mr. Garcia received a recent copy of his credit report, dated October 17, 2017, he

noticed Defendant was reporting an account which was included on the list he received in

April to TransUnion. Mr. Garcia noticed Defendant reported the account on October 13,

2017. However, Mr. Garcia also noticed that Defendant had failed to properly note on his

credit report the account as being disputed by the consumer in direct violation of 15

U.S.C. 1692e(8).

19. Further, after notifying Defendant's representative he disputed the amounts of the debts,

Defendant's representative notified Mr. Garcia he did not have a valid dispute, stating a

valid dispute would be if "a doctor operated on my right arm but was supposed to operate

on my left arm, that would be a valid dispute". Telling Mr. Garcia he did not have a proper dispute and providing a limited example of what an effective dispute might be was false and misleading as well as an unfair practice.

20. Defendant's representative repeatedly told Mr. Garcia she did not understand what he was disputing even though he made it clear he was disputing the amounts of the debts listed on the statement sent to him by Defendant. The representative's repeated attempts to persuade Mr. Garcia she did not understand what he was disputing was false and misleading in violation of 15 U.S.C. 1692e.

## COUNT I: VIOLATION OF THE FDCPA

21. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

22. Defendant had actual knowledge that Mr. Garcia did in fact dispute the debt in question because he believed the amounts were inaccurate.

23. Defendant failed to update the account information Defendant was reporting to TransUnion as in dispute when Defendant reported on Mr. Garcia's credit report October 13, 2017.

24. Defendant's conduct directly violated 15 U.S.C. §1692e(8) by failing to report the account in question as disputed by consumer.

## COUNT II: VIOLATION THE OF FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. Defendant had actual knowledge that Mr. Garcia did in fact dispute the debt in question because he believed the amounts were inaccurate.

27. Instead of ending the phone call or choosing a separate course of action, Defendant told Mr. Garcia his dispute was invalid when it was not.

28. Defendant's conduct directly violated Mr. Garcia's dispute rights under 15 U.S.C.

§1692g(a)(3) by stating his dispute was invalid.

## COUNT III: VIOLATION THE OF FDCPA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. Defendant had actual knowledge that Mr. Garcia did in fact dispute the debts in question

because he believed the amounts were inaccurate.

31. Defendant's representative mislead Mr. Garcia that his dispute was invalid.

32. Defendant's conduct is in direct violation of 15 U.S.C. 1692e because the statements were

false and misleading.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against

Defendant as follows:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.    Release of the alleged debt;

D.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E.    Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted by,


/s/_Barkley B. Smith_____
          BARKLEY B. SMITH
          Barkley Smith Law, PLLC